UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3658(DSD/SRN)

Jason Bo Beckman,

   Plaintiff,

v.                  **ORDER**

H&R Block Financial Advisors,
Inc., a Michigan corporation,

   Defendant.

   Lindsay J. Zamzow, Esq., Teresa M. Thompson, Esq. and Fredrikson & Byron, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402, counsel for plaintiff.

   Deborah A. Mark, Esq., Ronald P. Kane, Esq. and Kane & Fischer, 208 South LaSalle Street, Suite 1800, Chicago, IL 60604 and Kim Ruckdaschel-Haley, Esq., Christopher A. Grgurich, Esq. and Lindquist & Vennum, 80 South Eighth Street, Suite 4200, Minneapolis, MN 55402, counsel for defendant.

   This matter is before the court on cross-petitions by petitioner to vacate the arbitration award and by respondent to confirm that award. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the petition to vacate and confirms the arbitration award.

**BACKGROUND**

   On September 13, 2002, respondent H&R Block Financial Advisors, Inc. ("H&R") hired petitioner Jason Bo Beckman ("Beckman"). H&R's employment offer to Beckman included an $80,000

loan, subject to Beckman signing a promissory note. Beckman executed the promissory note on September 19, 2002. On March 30, 2004, H&R terminated Beckman for failing to keep his Form U-4 current as required under National Association of Securities Dealers, Inc. ("NASD") Rules. Under the terms of the promissory note, the outstanding portion of Beckman's loan became immediately due and payable at the time of termination and began to accrue interest. (See Grgurich Aff. Ex. B.) In a letter dated May 13, 2004, H&R demanded that Beckman repay the outstanding principal balance of the loan and any accrued interest. Beckman refused, and on May 16, 2005, H&R filed a statement of claim with the NASD against Beckman. Beckman was served with a copy of the statement of claim on August 9, 2005. A three-member arbitration panel (the "Panel") convened on September 12, 2005, to conduct a prehearing conference. Counsel for H&R and Beckman attended, and the parties agreed on various case deadlines, including May 9, 2006, for commencement of the arbitration hearing.

Pursuant to NASD Rule 10314(b), Beckman's answer to the statement of claim was due 45 days after receipt of the statement of claim - on or by September 23, 2005. Beckman did not file an answer within 45 days, and on January 19, 2006, H&R filed a motion for default and entry of award. Beckman responded to H&R's motion and submitted his answer on February 3, 2006. The Panel denied H&R's motion for default.

On March 22, H&R notified Beckman's counsel that it had retained outside counsel and requested that the arbitration be postponed. The parties agreed on several alternative hearing dates: June 28-29, August 2-3, August 3-4 and November 28-29. On April 4, the Panel rescheduled the hearing for August 2-3, 2006. H&R made its first discovery request on June 19 and served its witness and exhibit lists to Beckman's counsel on July 13. The next day, Beckman's counsel informed the NASD and H&R that she had joined a new law firm, a move that had taken place months earlier – on May 27. Shortly thereafter, on July 19, Beckman's counsel informed H&R that she had failed to receive prior notice of the hearing or discovery requests because they had not been properly forwarded to her by her previous law firm. Further complicating matters was the revelation that Beckman's counsel, unbeknownst to H&R, was on leave for medical reasons from her former firm from March 31, 2006, until her move to the new firm at the end of May, 2006. Despite these issues, Beckman's counsel indicated in the July 19 correspondence to H&R that Beckman was "committed to going forward with the Arbitration Hearing on August 2, 2006." (Id. Ex. I.) The following day, Beckman served his first discovery requests upon H&R.

On July 21, however, Beckman requested that the NASD postpone the arbitration hearing. Beckman also filed a motion for leave to amend its answer and assert a counterclaim. On July 28, 2006, the

Panel denied Beckman's motion and request to postpone.  The hearing went forward on August 2, 2006, and lasted one day.  At the close of the hearing, each party agreed that it had received a "full and fair opportunity to be heard."  (Arb. Hr'g Tr. at 253.)  Six days later, on August 8, the Panel issued its unanimous decision, finding Beckman liable to H&R for the remaining amount of the loan principal, interest and arbitration costs.  The Panel also denied with prejudice "all other claims and requests for relief by any party hereto."  (Grgurich Aff. Ex. N.)

Beckman now petitions the court pursuant to 9 U.S.C. § 10 to vacate the award, arguing that the Panel unreasonably denied his request to postpone the arbitration hearing. H&R counter-petitions the court to confirm the award.

**DISCUSSION**

**I.   Standard of Review**

Judicial review of an arbitration award is "extremely limited."  Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998).  The underlying award is entitled to an "extraordinary level of deference."  Stark v. Sandberg, Phoenix & von Gontard, P.C., 381 F.3d 793, 798 (8th Cir. 2004).  The court may not substitute judicial resolution of disputed issues for an arbitrator's decision.  United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 40-41 n.10 (1987); Gas Aggregation Servs., Inc.

v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003). Once parties submit a dispute to arbitration, the merits of the resulting arbitration award simply are not within the purview of the court. Gas Aggregation, 319 F.3d at 1064. The court must confirm an award so long as an arbitrator "even arguably" construes or applies the underlying contract. Stark, 381 F.3d at 798.

Arbitration awards, however, are not inviolate, and the court need not merely rubber stamp the arbitrators' interpretations and decisions. Id. The court can vacate the award under one of a limited number of statutorily or judicially recognized grounds. See 9 U.S.C. § 10. Pursuant to § 10 of the Federal Arbitration Act, the court will vacate an arbitration award if (1) the award was procured by corruption, fraud or undue means; (2) there was evident partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Id. § 10(a). Further, the Eighth Circuit has recognized "two extremely narrow" judicially created standards for vacating an arbitration award. Schoch v. InfoUSA, Inc., 341 F.3d 785, 788 (8th Cir. 2003).

Specifically, an award may be vacated if it is "completely irrational [and] fails to draw its essence from the agreement," or if the award evidences a "manifest disregard for the law." Id.

## II.  Petition to Vacate

Petitioner argues that the Panel denied him fair process by denying his motion to postpone the arbitration despite his showing of sufficient cause.  Review of the Panel's refusal to grant a postponement is "limited to determining whether the refusal to postpone was the result of misconduct." Card v. Stratton Oakmont, Inc., 933 F. Supp. 806, 811 (D. Minn. 1996).  The Panel has wide discretion to grant or deny a request for adjournment, and if there is "any reasonable basis" for the Panel's decision not to postpone the hearing, the court should not intervene. Id.; see DVC-JPW Investors v. Gershman, 5 F.3d 1172, 1174 (8th Cir. 1993).

Having reviewed the circumstances leading up to the August 2 arbitration, the court finds that the Panel's decision not to postpone the hearing was reasonable.  Petitioner's counsel argues that she did not receive notice of the arbitration date due to the failure of her former law firm to forward the relevant NASD and H&R correspondence to her.  However, as the parties had agreed on several dates for the rescheduled hearing, including as early as June 28-29, it was unreasonable for petitioner's counsel to take no action during the nearly four months she went without contact from the NASD or H&R.  Further, petitioner received notice of

respondent's statement of claim on August 9, 2005, and the original arbitration was scheduled to occur on May 9, 2006.  Petitioner had ample time to prepare for the hearing.  Moreover, two days before requesting the postponement, petitioner's counsel asserted to H&R that Beckman was committed to going forward with the August 2 hearing.  For these reasons, the Panel had a reasonable basis for denying petitioner's request to postpone the arbitration hearing. Therefore, the court denies the petition to vacate the Panel's award and grants the counter-petition to confirm the award.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Jason Bo Beckman's petition to vacate the arbitration award [Doc. No. 11] is denied.

2. Respondent H&R Block Financial Advisors, Inc.'s counter-petition to confirm the arbitration award [Doc. No. 7] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 1, 2007

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court